UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MARCUS ARMSTEAD,

    Plaintiff,

    v.                                     CAUSE NO. 3:20-CV-818-DRL-MGG

THE STATE OF INDIANA, et al.,

    Defendants.

## OPINION AND ORDER

Marcus Armstead, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Armstead alleges that he was stabbed by an inmate and bleeding profusely. For half an hour, the weapons team stood around waiting for offenders to secure, stating that they "would not come in to assist [Mr. Armstead] until everyone was locked down," including the inmate that was applying pressure to his wounds and trying to save him. Ultimately, Mr. Armstead was air lifted to the hospital with severe injuries. Mr.

Armstead has sued "The State of Indiana – Curtis Hill" and "M.C.F. Administration Officers @ Large."

To the extent that Mr. Armstead is suing the State of Indiana, he cannot proceed. The Eleventh Amendment generally precludes a citizen from suing a State or one of its agencies or departments in federal court. *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). There are three exceptions to Eleventh Amendment immunity: (1) suits directly against the State based on a cause of action where Congress has abrogated the state's immunity from suit; (2) suits directly against the State if the State waived its sovereign immunity; and (3) suits against a State official seeking prospective equitable relief for ongoing violations of federal law. *MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999). None of these exceptions apply here.

Mr. Armstead has also sued Curtis Hill, but "public employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. The doctrine of *respondeat superior*, which allows an employer to be held liable for subordinates' actions in some types of cases, has no application to § 1983 actions. *Moore v. State of Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993). Because Mr. Armstead does not allege that Curtis Hill was personally involved, Mr. Armstead cannot proceed against Curtis Hill.

Lastly, he has sued "M.C.F. Administration Officers @ Large." Mr. Armstead, however, cannot sue an unnamed staff member. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.").

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Armstead may file an amended complaint if he has additional facts which he believes would state a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court. If Mr. Armstead decides to file an amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) GRANTS Marcus Armstead until **July 16, 2021**, to file an amended complaint; and

(2) CAUTIONS Marcus Armstead that, if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

June 21, 2021  *s/ Damon R. Leichty*
Judge, United States District Court